**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, FIRE & POLICE PENSION ASSOCIATION OF COLORADO; LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM; CENTRAL LABORERS PENSION FUND; PUBLIC EMPLOYEES RETIREMENT SYSTEM OF MISSISSIPPI, *Plaintiffs-Appellants*, <br><br> v. <br><br> ANGELO R. MOZILO; DAVID SAMBOL; HENRY G. CISNEROS; ROBERT J. DONATO; JEFFREY M. CUNNINGHAM; MARTIN R. MELONE; ROBERT T. PARRY; OSCAR P. ROBERTSON; KEITH P. RUSSELL; STANFORD L. KURLAND; CARLOS M. GARCIA; ERIC P. SIERACKI; COUNTRYWIDE FINANCIAL CORPORATION, Nominal Defendant, *Defendants-Appellees*, | No. 10-56340 <br><br> D.C. No. 2:07-cv-06923-MRP-MAN <br><br><br> ORDER CERTIFYING A QUESTION OF LAW PURSUANT TO DELAWARE SUPREME COURT RULE 41 |

HARLEY W. SNYDER; MICHAEL E.
DOUGHERTY; BANK OF AMERICA
CORPORATION,
                              *Defendants*,


                and


ROBERT L. GARBER,
                    *Third-party-plaintiff*.

Filed January 10, 2013

Before: Stephen Reinhardt and Sidney R. Thomas, Circuit
Judges, and Gloria M. Navarro, District Judge.[*]

Order;
Certificate of Questions of Law

## SUMMARY[**]

**Certification of Question to State Supreme Court**

The panel certified a question of law to the Supreme
Court of the State of Delaware.

---

[*] The Honorable Gloria M. Navarro, District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

The panel found that this shareholder derivative action involved a dispositive question of Delaware law, the answer to which was not clear from controlling precedent in Delaware judicial decisions.  The panel certified the following question to the Supreme Court of the State of Delaware:

> Whether, under the "fraud exception" to Delaware's continuous ownership rule, shareholder plaintiffs may maintain a derivative suit after a merger that divests them of their ownership interest in the corporation on whose behalf they sue by alleging that the merger at issue was necessitated by, and is inseparable from, the alleged fraud that is the subject of their derivative claims.

---

**COUNSEL**

Blair A. Nicolas, Niki L. Mendoza, Bernstein Litowitz Berger & Grossmann LLP, San Diego, California; Stuart M. Grant, Grant & Eisenhoffer P.A., Wilmington, Delaware, for Plaintiffs-Appellants.

Brian E. Pastuszenski, Stuart M. Glass, Goodwin Procter LLP, Boston, Massachusetts; Joshua S. Lipshutz, Goodwin Procter LLP, San Francisco, California, for Nominal Defendant-Appellee.

Michael C. Tu, Orrick, Herrington & Sutcliffe LLP, Los Angeles, California; Michael D. Torpey, Orrick, Herrington & Sutcliffe LLP, San Francisco, California, for Defendant-Appellee David Sambol.

David Siegel, Irell & Manella LLP, Los Angeles, California, for Defendant-Appellee Angelo Mozilo.

Jordan Eth, D. Anthony Rodriguez, Morrison & Foerster LLP, San Francisco, California, for Defendants-Appellants Henry G. Cisneros, Jeffrey M. Cunningham, Robert J. Donato, Martin R. Melone, Robert T. Parry, Oscar P. Robertson, and Keith P. Russell.

David Priebe, DLA Piper LLP (US), East Palo Alto, California, for Defendant-Appellant Eric P. Sieracki.

**ORDER**

For the reasons set forth in the contemporaneously-issued certificate, we find that this case involves a dispositive question of Delaware law, the answer to which is not clear from controlling precedent in Delaware judicial decisions. We therefore certify a question of law to the Supreme Court of the State of Delaware. *See* Del. Supr. Ct. R. 41.

The Clerk of this Court shall forward a certified copy of this order and the certificate to the Supreme Court of Delaware, and is directed to provide a certified copy of the record (or any part thereof) if requested by the Supreme Court of Delaware to aid its consideration of this matter.

The case is withdrawn from submission and further proceedings in this court are stayed pending final action by the Supreme Court of Delaware. The parties shall notify the Clerk of this Court within one week after the Supreme Court of Delaware accepts or rejects certification, and again within one week if the Supreme Court of Delaware renders an

opinion. The panel retains jurisdiction over future proceedings.

## CERTIFICATE OF QUESTIONS OF LAW

Pursuant to Delaware Supreme Court Rule 41, we make the following findings:

### 1. The nature and stage of the proceedings are:

This shareholder derivative action has been appealed from the orders of the U.S. District Court for the Central District of California granting Defendant-Appellee's motion for judgment on the pleadings and denying Plaintiffs-Appellants' motion for reconsideration. The appeal was argued and submitted on November 8, 2012 at Pasadena, California.

### 2. The following facts are undisputed:

In this shareholder derivative action, five institutional investors have sued on behalf of the former Countrywide Financial Corporation ("Countrywide"), asserting state and federal derivative claims for breach of fiduciary duty and securities law violations against former Countrywide officers and directors. While the suit was pending in the district court, Countrywide merged into a wholly-owned subsidiary of Bank of America Corporation in a stock-for-stock transaction that divested the plaintiffs of their Countrywide shares. Nominal defendant Countrywide then moved for judgment on the pleadings, arguing that the merger destroyed the plaintiffs' standing to pursue derivative claims on Countrywide's behalf. The district court granted the

defendant's motion, finding that the plaintiffs cannot satisfy the "continuous ownership" requirement for shareholder derivative standing under Fed. R. Civ. P. 23.1 and Delaware law.

Following the Supreme Court of Delaware's intervening decision in *Ark. Teacher Ret. Sys. v. Caifa*, 996 A.2d 321 (Del. 2010) ("*Arkansas Teacher*"), which arose from the same underlying facts and involved the parties to this appeal, the plaintiffs moved for reconsideration of the district court's order. The plaintiffs argued that, in *Arkansas Teacher*, the Supreme Court of Delaware clarified the scope of the "fraud exception" to Delaware's continuous ownership rule and affirmed that the plaintiffs have post-merger derivative standing in this case. The district court denied that motion, and the plaintiffs appealed.

On appeal, the parties agree that Delaware law governs the plaintiffs' derivative standing, though they vigorously dispute the meaning of *Arkansas Teacher* and its effect on this case. The plaintiffs argue that, because they allege "a single, inseparable fraud" by which the defendant Countrywide "directors cover[ed] massive wrongdoing with an otherwise permissible merger," *id.* at 323, they maintain post-merger derivative standing under the fraud exception to the continuous ownership rule, as interpreted in *Arkansas Teacher*. The defendant asserts that *Arkansas Teacher* merely reaffirmed the traditional scope of the fraud exception, as articulated in *Lewis v. Anderson*, 477 A.2d 1040 (Del. 1983), and its progeny. Under that rule, defendants argue, the fraud exception to the continuous ownership requirement applies only when the plaintiffs allege that the

merger was executed "merely" to destroy derivative standing and lacked any legitimate business purpose.  The parties agree that the panel's decision on this issue of state law will determine the outcome of this appeal.

**3.  The question of law set forth below should be certified to the Supreme Court of the State of Delaware for the following reasons:**

The contours of shareholder derivative standing affect the internal affairs of corporations organized under state law, insofar as derivative standing rules allocate power to control corporate litigation between the board and shareholders.  As such, disputes regarding shareholder derivative standing implicate significant issues of state public policy best resolved by reference to clear rules of state law.

We also observe that, to date, the state and federal courts that have interpreted the scope of the fraud exception to Delaware's continuous ownership rule in light of *Arkansas Teacher* have reached divergent results.  *See Villari v. Mozilo*, 208 Cal. App. 4th 1470 (2012);  *In re Massey Energy Co. Derivative and Class Action Litig.*, 2011 WL 2176479 (Del. Ch. May 26, 2011); *In re Bear Stearns Cos., Inc. Securities, Derivative, and ERISA Litig.*, 763 F. Supp. 2d 423 (S.D.N.Y. 2011).  A definitive ruling on this issue from the Supreme Court of Delaware would resolve this split of authority and promote accurate application of Delaware law in other jurisdictions.

**4.  The important and urgent reasons for an immediate determination by the Supreme Court of the question certified are:**

As described above, the plaintiffs' post-merger derivative standing is the dispositive issue in this appeal.  A ruling from the Supreme Court of Delaware on the certified question stated below will facilitate the prompt and accurate disposition of this case and clarify the law in an area that implicates important state interests and is likely to recur in the federal Court of Appeals.

**5.  If certification is accepted, it is recommended that Plaintiffs-Appellants Arkansas Teacher Retirement System et al. be appellant for purposes of the caption on any filing in the Supreme Court of Delaware and that nominal Defendant-Appellee Countrywide Financial Corporation be appellee for purposes of the caption on any filing in the Supreme Court of Delaware with respect to the question certified.**

NOW, THEREFORE, IT IS ORDERED that the following question of law is certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 41 of the Supreme Court:

Whether, under the "fraud exception" to Delaware's continuous ownership rule, shareholder plaintiffs may maintain a derivative suit after a merger that divests them of their ownership interest in the corporation on whose behalf they sue by alleging that the merger at issue was necessitated by, and is inseparable from, the alleged fraud that is the subject of their derivative claims.

In accordance with Supreme Court Rule 41, we recommend that briefs shall be filed in the Supreme Court in the following order:

Plaintiffs-Appellants Arkansas Teacher Retirement System, et al., followed by Nominal Defendant-Appellee Countrywide Financial Corporation.